O’Neall, O. J.,
dissenting, said: I think the master and the Chancellor took the right view of the case. The accounts made up by the defendant is plainly an account stated, in which the balances struck are in favor of the deceased. If the suit was at law, the defendant would be concluded, unless error could be shewn. The same rule, I apprehend, prevails in equity. For equity is bound to follow, and obey the law.
This is not disputed, I am told, by the majority, but they think it is not an account stated. Why? It is a statement of mutual accounts: that makes it an account stated. But it is supposed that Dr. Schmidt’s accounts of his operations, as a partner, are not brought in.' Iiow does that appear? Certainly not from the account.
In 1853, the defendant, and the children of Dr. Schmidt, dissolved the partnership, and in the deed drawn up on that *343 occasion, it is stated that Dr. Schmidt, during the year 1852,. was incapacitated by disease from attending to practice, and, therefore, it was agreed that Dr. Lebby should take, of the profits of 1852, two-thirds, and'Dr. Schmidt one-third. The accounts were made up, acccording to this, by Dr. Lebby, on the 9th June, 1856, admitting the balances due Dr. Schmidt December 31, 1853, $2,302 32, and June 1, 1856, $407 84, making an aggregate of $2,710 16. These are plain admissions of indebtedness to that amount, as a partner. I have seen no evidence of any mistake in the accounts.
The defendant contends that Dr. Schmidt has not accounted for what he did as a partner. There is no doubt, if he made anything, it should have been brought into the accounts between them, before a balance was struck. A part only, it is alleged, was brought in, and now it is contended that Dr. Schmidt should be charged further. Striking a balance, it seems to me, concedes that everything is accounted for.
The master and the Chancellor are the judges of the disputed facts; they held there was no evidence that Dr. Schmidt made anything beyond what is accounted for. How can we say otherwise ?
The compromise, by which the defendant took a larger interest for 1852, and the accounts made up under it, satisfy me that the defendant is properly charged. I am, therefore, for affirming Chancellor Dargan’s decree.

Decree set aside.